1  David Romley [CSBN 82713]
   10629 Franlie Drive
2  Shadow Hills, CA 91040
   (818) 951-9469
3
   Kenneth E. Clark [CSBN 85194]
4  3245 S. Hughes
   Fresno, CA 93706
5  (559) 579-4447

6  Attorneys for Plaintiff
   Rosa Patricia Ramirez
7

8                    UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA (FRESNO)

| Rosa Patricia Ramirez, | ) Civil Action No.: |
|---|---|
| Plaintiff, | ) COMPLAINT FOR DAMAGES FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990 [42 U. S. C. § 12201, et seq.] REFUSAL BY EMPLOYER TO ACCOMMODATE DISABLED EMPLOYEE]; DEMAND FOR TRIAL BY JURY |
| vs. | |
| Merced County, | |
| Defendant. | |

21    Plaintiff, Rosa Patricia Ramirez, complains:

23    1. This action arises under the Americans With Disabilities Act of 1990 (ADA). 42
24 U.S.C. § 12201.

26    2.  Plaintiff brings this action pursuant to ADA § 107(a), 42 U.S.C. § 12117(a).

_____
                              COMPLAINT
                                - 1

3. ADA §107(a), 42 U.S.C. § 12117(a), incorporates by reference Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5, which grants jurisdiction to this Court.

4. All preconditions to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have been satisfied.

   a. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 180 days of alleged employment discrimination on the basis of disability against her.
   b. The EEOC issued a "right to sue" letter to plaintiff on March 23, 2011.
   c. Plaintiff filed this complaint within 90 days of receiving the "right to sue" letter from the EEOC.

5. Plaintiff is a citizen of the United States and a resident of Dos Palos, California.

6. Plaintiff suffers from chronic tendonitis of her wrists, elbows, and shoulders, which limits plaintiff's major life activities, including operating a computer keyboard for extended periods of time.

7. Plaintiff is an individual with a "disability" within the meaning of ADA § 3(2), 42 U.S.C. § 12102(2).

8. Plaintiff, with the reasonable accommodations of having a voice-activated computer system and a reasonably quiet work environment in which to effectively utilize a voice activated keyboard, can perform the essential functions of the job that she had as a Staff Services Analyst II with defendant Merced County up until March 27, 2009.

---

COMPLAINT

- 2 -

9.  Plaintiff is a "qualified individual with a disability" within the meaning of ADA § 101(8), 42 U.S.C. § 12111(8).

10.  Plaintiff has been a "qualified individual with a disability" since and prior to March 27, 2009, on which date defendant Merced County terminated her employment.

11.  Defendant, Merced County, is a public entity with its principal offices in Merced, California.

12.  Defendant Merced County is a "person" within the meaning of ADA § 101(7), 42 U.S.C. § 12111(7), and Title VII § 701(a), 42 U. S. C. § 2000e(a).

13.  Defendant Merced County is engaged in an "industry affecting commerce" within the meaning of ADA § 101(7), 42. U. S. C. § 12111(7), and Title VII § 701(g)-(h), 42 U. S. C. § 2000e(g) – (h).

14.  Defendant Merced County employed more than 25 employees for each working day in more than 20 weeks during the preceding year.

15.  Defendant Merced County is an "employer" within the meaning of ADA § 101(5)(A), 42 U. S. C. § 12111(5)(A).

16.  Defendant Merced County is a "covered entity" within the meaning of ADA § 101(2), 42 U. S. C. § 12111(2).

17.  Defendant Merced County hired plaintiff in 1991 to work in its Human Services Agency.  By March 2009, plaintiff had been promoted to the position of Staff Services Analyst II.  Plaintiff worked continuously for defendant from 1991 to March 27, 2009.

18. Plaintiff's job functions as a Staff Services Analyst II required her to operate a computer keyboard; however, as a result of chronic tendonitis in her wrists, elbows, and shoulders, plaintiff became unable to continuously operate a keyboard for more than one hour at a time.

19. In an effort to accommodate plaintiff's chronic tendonitis and inability to operate a keyboard for more than one hour at a time, defendant provided plaintiff with a voice-activated computer program and accompanying hardware so that plaintiff could perform essential functions of her job. Plaintiff was able to perform the essential functions of her job by utilizing the voce-activated keyboard. However, ambient background noise surrounding plaintiff's workstation interfered with the voice-activated system such that it was not operable. Accordingly, plaintiff requested the additional reasonable accommodation to be provided with a quiet workstation so she could operate her keyboard in a "hands-free" mode.

20. Defendant Merced County refused to make reasonable accommodations for plaintiff's disability and "medically" terminated her effective March 27, 2009.

21. Plaintiff is informed and believes and based thereon alleges the decision to "medically" terminate her was made by Ana Pagan, Director of defendant's Human Resources Agency.

22. The decision made and action taken by Ms. Pagan as alleged in Paragraph 21, supra, were within the course and scope of her employment at County of Merced.

23. Defendant County of Merced's refusal to make reasonable accommodations for plaintiff's known disability constitutes discrimination against plaintiff due to her disability in violation of ADA § 102(b)(5)(A), 42 U. S. C. § 12112(b)(5)(A).

---

COMPLAINT

- 4 -

24. As a result of defendant's discrimination on the basis of disability, plaintiff suffered and continues to suffer economic losses, including the loss of her home, mental anguish, pain and suffering, and other nonpecuniary losses, all in such sums as shall be proved at trial.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Merced County for:

25. Salary and benefits, and accrued interest thereon, from March 27, 2009, until entry of judgment against Merced County.

26. Compensatory damages for plaintiff's mental anguish, pain and suffering, and other non-economic damages.

27. Reinstatement to the position of Staff Services Analyst II in Merced County's Human Services Agency.

28. Reasonable accommodations so that plaintiff can perform her essential job functions.

29. Attorney fees and costs of this action.

30. Such other and further relief as may be just and equitable.

David Romley and
Kenneth E. Clark


By:___/s/ David Romley
    David Romley
    Attorneys for Plaintiff
    Rosa Patricia Ramirez

_____
COMPLAINT
- 5 -

DEMAND FOR TRIAL BY JURY

Plaintiff Rosa Patricia Ramirez demands trial by jury in the above-entitled action.

David Romley and
Kenneth E. Clark

By: __/s/  David Romley
    David Romley
    Attorneys for Plaintiff

---

COMPLAINT

- 6 -