1  James N. Fincher, SBN 196837
   Merced County Counsel
2  Roger S. Matzkind, SBN 77331
   Chief Civil Litigator
3  James E. Stone, SBN 197803
   Deputy County Counsel
4  2222 M Street, Room 309
   Merced, CA 95340
5  Tel:   (209) 385-7564
   Fax:   (209) 726-1337
6

7  Attorney for County of Merced

8

9                     United States District Court

10                    Eastern District of California

11 | Rosa Patricia Ramirez,           | Case No. 1:11-cv-00531 AWI DLB |
   |                                  |                                |
12 |         Plaintiff,               |                                |
13 |                                  | **Answer to Complaint**        |
   | vs.                              |                                |
14 |                                  |                                |
15 | Merced County,                   |                                |
   |                                  |                                |
16 |         Defendant.               | **Jury Trial Demanded**        |

17

18     Comes now the defendant and in answer to the complaint herein, admits,
19 denies and alleges as follows:
20     1.   In answer to paragraph 1 of the complaint, defendant admits
21 plaintiff alleges the complaint arises under 42 U.S.C. §12201, but denies the
22 complaint properly alleges such a cause of action or that the complaint is
23 meritorious.
24     2.   In answer to paragraph 2 of the complaint, defendant admits
25 plaintiff alleges she brings the complaint pursuant to the alleged statute and
26 regulation, but denies the complaint properly alleges such a cause of action or
27 that the complaint is meritorious.
28

1     3. In answer to paragraph 3 of the complaint defendant admits this
2 court has subject matter jurisdiction.
3     4. Based on information and belief, defendant admits the allegations
4 in paragraph 4 of the complaint.
5     5. Defendant lacks sufficient information or belief to admit or deny the
6 allegations of paragraph 5 of the complaint, and based thereon , denies said
7 allegations, generally and specifically.
8     6. Based on information and belief, Defendant admits the allegations
9 of paragraph 6.
10     7. Defendant admits the allegations of paragraph 7.
11     8. Defendant denies generally and specifically, each and every
12 allegation of paragraph 8, except that plaintiff was a Staff Services Analyst II,
13 until 5 pm, March 27, 2009.
14     9. Defendant denies generally and specifically, each and every
15 allegation of paragraph 9.
16     10. Defendant denies generally and specifically, each and every
17 allegation of paragraph 10, except that her employment was terminated on
18 March 27, 2009.
19     11. Defendant admits the allegations of paragraph 11.
20     12. Defendant admits the allegations of paragraph 12.
21     13. Defendant admits the allegations of paragraph 13.
22     14. Defendant admits the allegations of paragraph 14.
23     15. Defendant admits the allegations of paragraph 15.
24     16. Defendant admits the allegations of paragraph 16.
25     17. Defendant admits the allegations of paragraph 17, except that the
26 employment was through March 27, 2009, and further, that plaintiff has taken
27 several FMLA leaves during that period.
28     18. Defendant admits the allegations of paragraph 18.

1  19. Defendant admits that as part of the many attempts to accommodate plaintiff, defendant provided plaintiff a voice activated computer program, but denies she was able to perform the essential functions of her job by utilizing the program and hardware. Defendant denies ambient background noise around plaintiff's workstation interfered with the system such that it was not operable. Defendant admits that at one point plaintiff asked for a quiet workstation so she could operate in a hands free mode.

20. Defendant denies it refused to make reasonable accommodations for plaintiff's disability, but admits plaintiff was "medically" terminated effective 5 p.m., March 27, 2009.

21. Defendant admits the allegations of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

23. Defendant denies generally and specifically each and every allegation of paragraph 23.

24. Defendant denies it discriminated in the manner alleged in paragraph 24 against plaintiff or in any manner at all. Defendant lacks sufficient information or belief to admit or deny the remaining allegations of paragraph 24.

## AFFIRMATIVE DEFENSES

25. As a first affirmative defense to the complaint, Defendant alleges all decisions made related to Plaintiff were related to essential function of her job.

26. As a second affirmative defense to the complaint, Defendant alleges all decisions made related to Plaintiff were mandated by business necessity.

27. As a third affirmative defense to the complaint, Defendant alleges there was no reasonable accommodation to enable plaintiff to perform business required essential tasks.

28. As a fourth affirmative defense to the complaint, Defendant alleges on information and belief, plaintiff is judicially estopped from asserting her claims by seeking and obtaining other government and private benefits claiming she was disabled and unable to work.

29. As a fourth affirmative defense to the complaint, Defendant alleges on information and belief, it is entitled to an offset in an amount as yet uncertain, for other benefits paid to plaintiff by defendant as a result of her claimed disability.

30. As a fifth affirmative defense to the complaint, Defendant alleges on information and belief, it is entitled to an offset for other benefits, in an amount as yet uncertain, paid to plaintiff by third parties as a result of her claimed disability.

31. As a sixth affirmative defense to the complaint, Defendant alleges plaintiff failed to mitigate her damages.

32. As a seventh affirmative defense to the complaint, Defendant alleges plaintiff was unable to perform the essential functions of her job with reasonable accommodation.

33. As an eighth affirmative defense to the complaint, Defendant alleges on information and belief, plaintiff failed to exhaust her administrative remedies.

34. As a ninth affirmative defense to the complaint, Defendant alleges on information and belief, plaintiff's action is barred by the statute of limitations.

35. As a tenth affirmative defense to the complaint, Defendant alleges plaintiff is equitably estopped from asserting her claims by seeking and obtaining other government and private benefits claiming she was disabled and unable to work.

36. As an eleventh affirmative defense to the complaint, Defendant alleges plaintiff is collaterally estopped from asserting her claims by reason of

1 other administrative proceedings initiated by her and determining she was
2 disabled and unable to perform her job.

### PRAYER

Wherefore, Defendant prays Plaintiff take nothing and have no relief by her action, and further prays for judgment as follows:

1. For judgment against plaintiff;
2. For an offset in amounts according to proof;
3. For costs and attorney fees against plaintiff and plaintiff's counsel, including, but not limited to Fed. R. Civ. P. 11 and 42 U.S.C. §12205;
4. For such other relief as the court may deem proper.

Dated: July 6, 2011         James N. Fincher
                            Merced County Counsel


                      By:   /s/ Roger S. Matzkind
                            Roger S. Matzkind
                            Chief Civil Litigator
                            Attorneys for Defendant County of Merced