# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA PATRICIA RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MERCED COUNTY,<br><br>　　　　　Defendant. | Case No.: 1:11cv0531 AWI DLB<br><br>ORDER GRANTING MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(d) FOR FAILURE TO SERVE ANSWERS TO INTERROGATORIES<br><br>(Doc. 19) |

　　On October 22, 2012, Defendant Merced County ("Defendant") filed the instant motion for sanctions against Plaintiff Rosa Patricia Ramirez ("Plaintiff") for failure to provide interrogatory responses. Plaintiff did not file an opposition pursuant to Local Rule 251(e). Accordingly, the Court deemed the matter suitable for decision without oral argument and vacated the hearing scheduled for November 9, 2012. Having considered the moving papers, Defendant's motion for sanctions is GRANTED.

## **BACKGROUND**

　　Plaintiff initiated this action for violation of the Americans With Disabilities Act ("ADA") on March 27, 2011. She premises her action on Defendant's alleged failure to make

reasonable accommodations for her disability and "medically" terminating her effective March 27, 2009.  Complaint, ¶ 20.  Defendant answered the complaint on July 6, 2011.

On August 26, 2011, the Court issued a Scheduling Order, which set the non-expert discovery deadline for on June 6, 2012, and the expert discovery deadline for September 28, 2012.  Doc. 16.

On May 2, 2012, Defendant served Plaintiff with three special interrogatories seeking the following: (1) witnesses with "personal knowledge of each incident of refusal to reasonably accommodate;" (2) witnesses with "personal knowledge that, with reasonable accommodation, [Plaintiff]could perform the essential functions of a Staff Services Analyst II with Merced County;" and (3) witnesses with "personal knowledge of [Plaintiff's] mental anguish and pain and suffering as a result of defendant's actions."  Exhibit A to Declaration of Roger S. Matzkind ("Matzkind Dec.").  Plaintiff did not respond to these interrogatories.

On June 11, 2012, after the non-expert discovery deadline, defense counsel faxed a letter to Plaintiff's counsel requesting a response to the interrogatories by June 18, 2012.  Exhibit B to Matzkind Dec.  Plaintiff did not respond to the letter.

On July 3, 2012, defense counsel faxed another letter to Plaintiff's counsel requesting answers to the interrogatories or a time to contact the Magistrate Judge to discuss the matter.  Exhibit C to Matzkind Dec.  In response, Plaintiff's counsel sent an e-mail to Stefanie Powell, legal assistant to defense counsel, stating that there was no discovery dispute and that responses should be provided by July 17, 2012.  Exhibit A to the Declaration of Stefanie Powell.  However, Plaintiff did not provide responses by July 17, 2012.

On July 24, 2012, defense counsel faxed and mailed another letter to Plaintiff's counsel requesting answers or a time to contact the Magistrate Judge to discuss the matter.  Exhibit D to Matzkind Dec.  Plaintiff did not respond to the letter.

On October 15, 2012, defense counsel sent another letter to Plaintiff's counsel regarding Defendant's motion for summary judgment and again requested answers to the interrogatories or a time to contact the Magistrate Judge to discuss the matter. Exhibit E to Matzkind Dec. Plaintiff did not respond to the letter.

Due to Plaintiff's failure to respond to the special interrogatories, Defendant filed the present motion for sanctions. Plaintiff did not respond to the motion.

## DISCUSSION

Federal Rule of Civil Procedure 37(d) authorizes the Court to impose sanctions for a party's failure to serve answers, objections or written responses to interrogatories. Fed. R. Civ. P 37(d)(1)(A)(ii). Here, Plaintiff did not respond to the special interrogatories. Defendant therefore requests that Plaintiff be prohibited from offering the testimony of any witness falling within the categories of witnesses sought by the special interrogatories. Rule 37 permits such an exclusionary sanction, stating that a disobedient party may be prohibited "from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A) and (d)(3). As Plaintiff has not opposed the request and has not provided any evidence that the failure to respond should be excused, the Court finds that imposition of sanctions are warranted. Plaintiff will be prohibited from presenting testimony from any witnesses falling within the categories of witnesses sought by special interrogatories. However, this prohibition does not include those witnesses, if any, that were otherwise disclosed to Defendant before conclusion of the discovery deadlines.

In addition to this sanction, Rule 37 provides that the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). There is no evidence before the Court to suggest that Plaintiff's failure to respond to the special interrogatories was substantially justified or that other circumstances make an award of expenses

unjust.  Accordingly, Plaintiff and her counsel shall be required to pay Defendant's reasonable expenses, including attorney's fees, caused by the failure to respond.  In order to award such fees, Defendant shall be required to file a declaration detailing the expenses incurred.

### CONCLUSION AND ORDER

For the reasons stated, the Court HEREBY ORDERS as follows:

1. Defendant's motion for sanctions for failure to serve answers to interrogatories is GRANTED;

2. Plaintiff SHALL BE PROHIBITED from presenting testimony from any witnesses falling within the categories of witnesses sought by the special interrogatories.  This prohibition shall not include those witnesses, if any, that have otherwise been disclosed to Defendant during discovery;

3. Plaintiff and her counsel SHALL PAY Defendant's reasonable expenses, including attorney's fees, caused by the failure to respond; and

4. Defendant SHALL FILE a declaration detailing the expenses incurred within seven (7) days after service of this order

IT IS SO ORDERED.

Dated:   **November 8, 2012**          /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE