James N. Fincher, SBN 196837
Merced County Counsel
Roger S. Matzkind, SBN 77331
Chief Civil Litigator
James E. Stone, SBN 197803
Deputy County Counsel
2222 "M" Street, Room 309
Merced, California 95340
Tel - (209) 385-7564
Fax- (209) 726-1337

Attorneys for County of Merced

United States District Court

Eastern District of California

| | |
|---|---|
| Rosa Patricia Ramirez,<br><br>Plaintiff,<br><br>vs.<br><br>Merced County,<br><br>Defendant. | Case No.: 1:11-cv-00531 AWI DLB<br><br>Points and Authorities in Support of Motion for Corrections Arising from Oversight or Omission and for Entry of Supplemental Judgment<br><br>[FRCP Rule 60(a)] |

    Comes now, County of Merced, and submits these points and authorities in support of its motion to correct oversight or omissions in the court's order regarding attorney's fees (Doc. 32) and the court's order granting in part and denying in part defendant's motion for attorney's fees and expert witness costs (Doc. 43), and to have the orders entered as a supplemental judgment in order to permit enforcement.

## I.
## Introduction

    Plaintiff brought this 42 U.S.C. § 12112(b)(5)(A) ADA action against the County of Merced. By this motion, defendant seeks to clarify the court's orders of December 5, 2012, regarding attorney's fees (Doc. 32), and September 5, 2013,

granting in part and denying in part defendant's motion for attorney's fees and expert witness costs (Doc. 43), and to have the orders entered as a supplemental judgment in order to permit enforcement.  In short, movant seeks to make the orders and judgment clear as to whom they apply.

Defendant proposes that supplemental judgment should read as follows:

**XX – Decision by the Court.**  Defendant's motion for corrections arising from oversight or omission and for entry of supplemental judgment came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

**THAT SUPPLEMENTAL JUDGMENT IS HEREBY ENTERED IN THIS ACTION.  PLAINTIFF ROSA PATRICIA RAMIREZ AND HER ATTORNEY DAVID ROMLEY, JOINTLY AND SEVERALLY, ARE ORDERED TO PAY DEFENDANT COUNTY OF MERCED ATTORNEY'S FEES IN THE AMOUNT OF $20,062.50.**

The following chronology sets forth the relevant events preceding the instant motion:

| | |
|---|---|
| December 5, 2012: | Plaintiff and her attorney were ordered to pay attorney's fees and costs of $3,250.00 to the County of Merced as a discovery sanction. (Doc. 32.)  The discovery sanctions were never paid.  (Stone Dec., Ex. A.) |
| December 11, 2012: | The County of Merced's motion for summary judgment was granted, and judgment was entered.  (Docs. 33 and 34.) |
| December 21, 2012: | The County of Merced filed its motion and points and authorities in support of motion for attorney's fees and expert witness fees against plaintiff and plaintiff's counsels. (Docs. 36 and 37.) |
| September 5, 2013: | The County of Merced's motion for attorney's fees and expert witness fees against plaintiff |

and her counsels was granted in part and denied in part. The County of Merced was awarded $16,812.50 in attorney's fees. (Doc. 43.) These fees have not been paid. (Stone Dec., Ex. A.)

## II.

## The Orders Awarding Attorney's Fees Should be Clarified and Entered as a Supplemental Judgment in Order to Permit Enforcement

FRCP Rule 60(a) provides, in pertinent part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

Relief under Rule 60(a) is not limited to mistakes by the clerk or the court, but may be used to adjust the record to reflect the intent of the court and the parties. (*In re Jee,* 799 F.2d 532, 535 (9th Cir. 1986).) "Rule 60(a) allows correction of clerical mistakes, even those not committed by the clerk." (*Jones & Guerrero Co. v. Sealift Pacific,* 650 F.2d 1072, 1074 (9th Cir. 1981).)

A Rule 60(a) motion lies for an inability to enforce a judgment. "Rule 60(a) allows a court to clarify a judgment in order to correct a "failure to memorialize part of its decision," to reflect the "necessary implications" of the original order, to "ensure that the court's purpose is fully implemented," or to "permit enforcement." We now hold that Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." (*Garamendi v. Henin,* 683 F.3d 1069, 1079-1080 (9th Cir. 2012).)

### A. The orders awarding attorney's fees should be clarified in order to permit and facilitate enforcement.

Although the order of December 5, 2012, awarded attorney's fees as a discovery sanction against plaintiff and her counsel (Doc. 32), it does not state the name of plaintiff's attorney, David Romley.

In the County of Merced's points and authorities in support of its motion for attorney's fees and expert witness costs (Doc. 37), defendant requested attorney's fees and costs to be jointly and severally between the plaintiff and her attorney. It set forth the procedural history of the case demonstrating that plaintiff's attorney knew of the frivolous nature of the case. (Doc. 37, 6:3-9:20.) Although the order of September 5, 2013, awarded defendant $16,812.50 in attorney's fees (Doc. 43), it did not clarify that it should be against plaintiff and plaintiff's attorney David Romley, jointly and severally.

As "Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement" (*Garamendi v. Henin, supra,* 683 F.3d at 1079-1080), the orders awarding attorney's fees should be clarified in order to permit enforcement.

**B.   The awards of attorney's fees should be entered as a supplemental judgment in order to permit enforcement.**

A review of federal court cases demonstrates that supplemental judgment appears to be the appropriate method for awarding attorney's fees after judgment on the merits of the case in order to permit enforcement. For example:

In *Paddack v. Morris*, 783 F.2d 844 (9th Cir. 1986), the district court entered an order awarding attorney's fees on September 28, 1983, and entered a supplemental judgment for the attorney's fees on April 3, 1984. The issue before the Court of Appeal was whether the appeal was timely filed. The court held that the supplemental judgment constituted entry, so the appeal was timely filed. (*Id.,* at p. 846.)

In *Taltech Ltd. v. Esquel Enterprises, Ltd.,* 604 F.3d 1324 (Fed. Cir. 2010), the Court of Appeal affirmed the supplemental judgment for attorney's fees and costs. (*Id.,* at p. 1327.)

In *Garamendi v. Henin, supra,* 683 F.3d at 1078, the Ninth Circuit discussed other circuit's holdings in Rule 60(a) modifications for the purposes of enforcement, including a Second Circuit case, *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498 (2d Cir. 2007), which held on page 505 that "Rule 60(a) was an appropriate vehicle to correct . . . the supplemental judgment."

In *DP Aviation v. Smiths Indus. Aero. & Def. Sys.*, 268 F.3d 829 (9th Cir. 2001), defendant appealed the supplemental judgment entered by the district court regarding unpaid fees. The court affirmed in part and vacated in part the supplemental judgment, and remanded the case to the district court for further proceedings. (*Id.,* at p. 850.)

In *United States v. Preston*, 232 F.2d 77 (9th Cir. 1956), the United States appealed a modification of a supplemental judgment. The court stated, "There can be no question as to the right of appeal on this item, since it is not mentioned in the original judgment or in the supplemental judgment or in the amendment to the supplemental judgment . . . ." (*Id.,* at p. 80.)

As shown in the above cases, a supplemental judgment is the appropriate method for awarding attorney's fees after judgment on the merits of the case. As Rule 60(a) allows for modifications for the purposes of enforcement (*Garamendi v. Henin, supra,* 683 F.3d at 1079-1080), the orders awarding attorney's fees should be entered as a supplemental judgment.

## III.

## Conclusion

The December 5, 2012, discovery order awarding attorney's fees (Doc. 32), does not state plaintiff's counsel, David Romley and Plaintiff Rosa Ramirez, jointly and severally. The September 5, 2013, order awarding attorney's fees (Doc. 43), does not state the attorney's fees are to be jointly and severally paid by the plaintiff and her attorney David Romley, as requested by the County of Merced.

1  The County of Merced requests that the December 5, 2012, discovery
2  sanctions order awarding attorney's fees (Doc. 32), and the September 5, 2013,
3  order awarding attorney's fees (Doc. 43) be clarified pursuant to Federal Rules
4  of Civil Procedure, rule 60(a) to reflect that the attorney's fees are to be jointly
5  and severally between the plaintiff and her counsel David Romley and be
6  entered as a supplemental judgment in order to permit enforcement.

Dated:  September 25, 2013              James N. Fincher
                                                    Merced County Counsel

                                      By:  /s/ James E. Stone
                                          James E. Stone
                                          Deputy County Counsel
                                          Attorneys for Merced County