UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA PATRICIA RAMIREZ,<br><br>    Plaintiff<br><br>    v.<br><br>MERCED COUNTY,<br><br>    Defendant | CASE NO. 1:11-CV-531 AWI DLB<br><br>ORDER ON DEFENDANT'S RULE 60(a) MOTION FOR CORRECTION |

This was an Americans with Disabilities Act case brought by Plaintiff Rosa Ramirez ("Ramirez") against her former employer, Merced County ("the County"). On September 5, 2013, the Court granted in part the County's motion for attorney's fees and awarded the County $16,812.50 pursuant to 42 U.S.C. § 12205. See Doc. No. 43.

On September 25, 2013, the County filed this motion for correction and entry of supplemental judgment pursuant to Rule 60(a). In that motion, the County argues that the Court's September 5 order simply grants the motion. The County requested that an award be made jointly and severally against Ramirez and her counsel David Romley ("Romley). Because of the ambiguity created by the September 5, and in order to properly enforce the September 5 order, the County requests that the Court correct the September 5 order and issue a supplemental judgment to clarify that both Ramirez and Romley are liable for attorney's fees. Additionally, the County argues that on December 5, 2012, the Magistrate Judge issued a $3,250.00 discovery sanction against Ramirez and Romley, but that sanction has not been paid and that order did not identify Romley by name. The County requests that the supplemental judgment include the $3,250.00 discovery sanction.

Ramirez filed no response or opposition of any kind to the County's Rule 60(a) motion.

*Legal Standard*

Rule 60(a) reads in pertinent part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. Pro. 60(a). "Rule 60(a) allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir. 2012). Rule 60(a) also "allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." Id. Rule 60(a) does not allow for a correction that reflects a new and subsequent intent because the court perceives its original judgment was incorrect. Id. Instead, the clarification must reflect the contemporaneous intent of the court as evidenced by the record. Id.

*Discussion*

With respect to the December 5 order awarding discovery sanctions, that order was entered by the Magistrate Judge. In pertinent part, the December 5 order reads: "Accordingly, Plaintiff and her counsel are ordered to pay defendant $3,250 in expenses, including attorney's fees, within thirty (30) days of the date of this order." Doc. No. 32. It is clear from the Magistrate Judge's order that the $3,250 was not limited to either Ramirez or her counsel. Furthermore, Romley was the only attorney representing Ramirez in this matter. In the absence of an opposition, the Court will clarify that Ramirez and Romely are both subject to the $3,250 discovery sanction.

With respect to the September 5 order awarding attorney's fees, that order in pertinent part read: "Defendant's motion for attorneys' fees is GRANTED in part and DENIED in part; Defendant is awarded $16,812.50 under 42 U.S.C. § 12205." Doc. No. 43. As can be seen, the County is correct that the Court's order did not specify that the fee award was against both Ramirez and Romley. The County is also correct that its motion requested an award of fees against both Ramirez and Romley. See Doc. No. 36. Further, the County's motion for fees under § 12205 was expressly aimed at the conduct of both Ramirez and Romley. See Doc. No. 37 at 9:21-12:4. The Court agrees with the County that its September 5 fee award is ambiguous.

Clarifying that the award is against both Ramirez and Romley is consistent with the County's briefing and the Court's intent, and should aid in the collection of the fees.

Rule 60(a) permits the correction of both orders and judgments. The Court will correct/clarify both the December 5, 2012 discovery sanction order and the September 5, 2012 fee order to reflect that Ramirez and Romley are both liable. Additionally, the County has cited cases in which a supplemental judgment for attorney's fees was issued. See Paddack v. Morris, 783 F.2d 844 (9th Cir. 1986); see also Ansley West Corp. v. Elco Corp., 467 F.2d 1170, 1171 n.1 (9th Cir. 1972). In the absence of an opposition, the Court will direct that a supplemental judgment be issued.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 60(a) motion to correct/clarify is GRANTED;
2. The December 5, 2012 order for discovery sanctions is CLARIFIED/CORRECTED to read that Plaintiff Rosa Ramirez and her attorney David Romley are jointly and severally liable for the $3,250.00 award;
3. The September 5, 2013 order for attorney's fees is CLARIFIED/CORRECTED to read that Plaintiff Rosa Ramirez and her attorney David Romley are jointly and severally liable for the $16,812.50 award; and
4. The Clerk shall enter a supplemental judgment to reflect that Plaintiff Rosa Ramirez and her attorney David Romley are jointly and severally liable for $20,062.50, which is the total of the December 5, 2012 and the September 5, 2013 awards for sanctions and fees.

IT IS SO ORDERED.

Dated:   November 8, 2013                                     _____
                                                                                  SENIOR DISTRICT JUDGE