# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA PATRICIA RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERCED COUNTY,<br><br>　　　　　Defendant. | Case No. 1:11-cv-00531-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT MERCED COUNTY'S MOTION TO AMEND THE JUDGMENT AND ORDER VACATING SEPTEMBER 6, 2017 HEARING<br><br>(ECF No. 58)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On December 11, 2012, an order issued granting Defendant Merced County's motion for summary judgment and judgment was entered in favor of Defendant and against Plaintiff Rosa Patricia Ramirez (hereafter "Judgment Debtor"). (ECF Nos. 33, 34.) On December 20, 2013, supplemental judgment was entered to reflect that Judgment Debtor and her attorney were jointly and severally liable to Merced County for $20,062.50 in sanctions and fees, and Judgment Debtor was personally liable for costs in the amount of $6,286.91. (ECF No. 48.) On October 1, 2014, Judgment Debtor appeared before the undersigned to be sworn in for a debtor's examination. (ECF No. 58.)

On June 22, 2017, Defendant filed a motion to amend the judgment to properly reflect the name of Judgment Debtor who has married and is now using a different name. (ECF No. 58.)

1

On July 17, 2017, the Court ordered Defendant to serve a copy of the motion to amend the judgment on Judgment Debtor and the hearing on the motion was continued to September 6, 2017. (ECF No. 59.) The July 17, 2017 order directed Judgment Debtor to file any opposition to the motion to amend the judgment within ten days of being served with the order. (Id.)

Judgment Debtor was served by mail with the July 17, 2017 order on July 18, 2017. (ECF No. 60.) Judgment Debtor has not filed a timely opposition to the motion to amend the judgment. Pursuant to Local Rule 230, a party who fails to file a timely opposition is not entitled to be heard in opposition to the motion at oral argument. L.R. 230(c). Accordingly, the hearing set for September 6, 2017 shall be vacated and the parties are not required to appear at that time.

Rule 69 of the Federal Rules of Civil Procedure provides that '[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). The Ninth Circuit has held that "Rule 69(a) "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits." Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir. 1998). This includes post-judgment amendment to add a judgment debtor. In re Levander, 180 F.3d 1114, 1121 (9th Cir. 1999); Mad Dogg Athletics, Inc. v. NYC Holding, 565 F.Supp.2d 1127, 1129 (C.D. Cal. 2008).

Section 187 of the California Code of Civil Procedure states that when a court has jurisdiction, "all the means necessary to carry it into effect are also given. . . ." Under California law the greatest liberality is encouraged in allowing amendment sought under Section 187. Wells Fargo Bank, Nat'l Ass'n v. Weinberg, 227 Cal.App.4th 1, 7 (2014). Amending a judgment under section 187 is an equitable procedure. Wells Fargo Bank, Nat'l Ass'n, 227 Cal.App.4th at 8. "[T]he general rule is that 'a court may amend its judgment at any time so that the judgment will properly designate the real defendants.' " Dow Jones Co. v. Avenel, 151 Cal.App.3d 144, 149 (1984).

The court having obtained jurisdiction over the party may amend the judgment, upon proper notice to the adverse party, to make it speak the truth. Manson, Iver & York v. Black,

176 Cal.App.4th 36, 46 (2009). Where amendment of the judgment could affect the substantial rights of the individual the court should provide notice and an opportunity to be heard. Manson, Iver & York, 176 Cal.App.4th at 76. In amending the judgment a noticed motion is contemplated, but the trial court is not required to hold an evidentiary hearing. Wells Fargo Bank, Nat'l Ass'n, 227 Cal.App.4th at 9. Evidence in the form of declarations or deposition testimony is sufficient. Id.

Here, Defendant submits the declaration of counsel stating that during the debtor examination on October 1, 2014, Judgment Debtor stated under oath that she had married Martin Irwin and changed her name to Rosa Patricia Irwin. Dec. of James E. Stone in Support of Motion to Amend Judgment ¶ 4, ECF No. 3.) Defendant has submitted evidence that Rosa Patricia Ramirez has changed her name to Rosa Patricia Irwin. Therefore, the Court finds that Rosa Patricia Ramirez and Rosa Patricia Irwin are the same individual. Defendant seeks to amend the judgment to reflect Judgment Debtor's current name.

Judgment Debtor has been served with the current motion and was ordered to file any opposition to the motion within ten days of service. Having received no opposition from Judgment Debtor, the Court recommends granting the motion to amend the judgment in this action to reflect Judgment Debtor's current name.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to amend the judgment be GRANTED; and

2. Rosa Patricia Ramirez's name in the supplemental judgment in a civil case dated December 20, 2013, be amended to Rosa Patricia Irwin (ECF No. 48).

3. The September 6, 2017 hearing on Defendant's motion to amend the judgment is HEREBY VACATED; and

4. The Clerk of the Court is DIRECTED to serve a copy of this findings and recommendations on Rosa Patricia Irwin, 379 Tomkins Court, Gilroy, California 95020.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen

1  (14) days of service of this recommendation, any party may file written objections to these
2  findings and recommendations with the Court and serve a copy on all parties. Such a document
3  should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The
4  district judge will review the magistrate judge's findings and recommendations pursuant to 28
5  U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
6  time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th
7  Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 18, 2017**

UNITED STATES MAGISTRATE JUDGE